C/M

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------- X
:
HERBERT WEBB, :
Petitioner, : **MEMORANDUM DECISION AND**
: **ORDER**
- against - :
: 19-cv-5164 (BMC)
JAIME LaMANNA, :
:
Respondent. :
:
-------------------------------------------------------- X

**COGAN**, District Judge.

Petitioner seeks habeas corpus relief under 28 U.S.C. § 2254, vacating his state court conviction for first degree robbery. The facts will be set forth below to the extent necessary to address each of petitioner's points of errors, but to summarize, petitioner robbed a deli, holding the two owners at gunpoint. The robbery was recorded by the deli's surveillance video, and a police video camera across the street from the deli showed petitioner waiting in front of, then entering, and then running away from the deli at the time of the robbery. Petitioner's DNA was found on two surfaces in the deli which the owners advised the police that petitioner had touched during the robbery.

Petitioner raises three points of error: (1) the trial court violated his First Amendment rights when it held court on a Friday, causing petitioner to attend trial despite his religious needs; (2) his confrontation right was violated when a prosecution expert testified as to DNA testing, part of which was performed by technicians under her supervision; and (3) petitioner's sentence as a second violent felony offender, although reduced from 24 years to 18 years by the Appellate

Division, is still unconstitutionally harsh. As discussed below, none of these points warrant habeas corpus relief, and the petition is accordingly denied.

I.  **First Amendment Issue**

As trial was about to commence on a Thursday afternoon, petitioner's counsel advised the trial court that petitioner could not be present for trial on Fridays because he was a Muslim and a Friday observer. The trial court made a factual finding that petitioner's professed religious belief was not sincere, and was being used an excuse to delay the trial:

> THE COURT: He's appeared on Fridays on a whole multitude of times. …
> Which would belie the fact that he suddenly became a follower of Islam. …
>
> Based upon his prior actions before me, when he was attempting to delay the start of this trial, I just believe that this is just another dilatory tactic on his part, and the case is going to proceed in his absence if he decides not to come to court tomorrow. …
>
> If you are, in fact, a Muslim, and you have found God, that's fine with me. The Department of Corrections has adequate space to do your prayers because it's been done before here. So if that's the case, I will arrange for the Department of Corrections to give you space so you can do your daily prayers while the case is going on. But if you decide not to come to court, I will consider it a voluntary waiver of your right to be present, and we will continue without you. You understand what I said, Mr. Webb?
>
> THE DEFENDANT: Yes.

The record reflects that petitioner did attend trial the next day, on Friday. It does not reflect that he requested the religious accommodation offered by the court.

On direct appeal and in his habeas corpus petition, petitioner contended that the trial court violated his First Amendment rights by making him choose between his right to observe his religion and his right to attend the trial. The Appellate Division summarily rejected this claim on the merits: "Under the circumstances of this case … the court did not violate defendant's First Amendment right to the free exercise of religion." People v. Webb, 163

2

A.D.3d 880, 881, 81 N.Y.S.3d 166, 167 (2nd Dep't), leave to app. denied, 32 N.Y.3d 1069, 89 N.Y.S.2d 123 (2018). The Appellate Division cited to several cases holding that insincere religious beliefs do not require accommodation. See People v. Cooke, 292 A.D.2d 167, 738 N.Y.S.2d 207 (1st Dep't 2002); People v. Burnside, 254 A.D.2d 98, 679 N.Y.S.2d 110 (1st Dep't 1998); People v. Johnson, 143 A.D.2d 847, 533 N.Y.S.2d 345 (2nd Dep't 1988).

Because petitioner chose to attend the trial instead of absenting himself for his purported religious reasons, the issue is not cognizable on federal habeas corpus review. Federal habeas corpus permits review only of the deprivation of rights that have compromised the integrity or fairness of the prosecution, trial, or sentence. Had petitioner chosen not to attend the trial, then he would have an argument that he was coerced into surrendering his Sixth Amendment right to be present at trial. But having attended, whatever compromise of his religious rights occurred did not deprive him of a fair trial.

The purpose of federal habeas corpus is not to punish the state. To accept petitioner's argument would be like saying that because a petitioner was beaten by prison guards during the trial and thus has a claim for damages under 42 U.S.C. § 1983, his conviction must be invalidated.[1] But that is clearly not the law. See Brown v. Doe, 2 F.3d 1236, 1242-43 (2d Cir. 1993). The remedy for violation of his religious rights, if there is one, lies outside of federal habeas corpus.

---

[1] This issue has some similarity to habeas corpus petitions raising a Sandoval argument, i.e., a trial court ruling that if the defendant were to testify, he could be impeached with prior convictions. If the petitioner chooses not to testify, federal courts will not hear claims that the petitioner was deprived of his right to testify. Because the petitioner in those circumstances did not testify, the petitioner cannot demonstrate prejudice. See e.g. Lopez v. Unger, No. 07 cv 4145, 2010 WL 3937190, at *4 (E.D.N.Y. Sept. 30, 2010); see also Luce v. United States, 469 U.S. 38, 43 (1984); Grace v. Artuz, 258 F. Supp. 2d 162, 171-72 (E.D.N.Y. 2003). Similarly, in this case, petitioner cannot show that the trial court's ruling compromised the exercise of his First Amendment rights; all that the record shows is that his counsel requested adjournment of the trial on a Friday and when the trial court offered an accommodation, he came to court on Friday.

No federal or New York case holds to the contrary. Indeed, the only case that petitioner's counsel cited to the Appellate Division remotely relating to the issue was People v. Gilliam, 215 A.D.2d 401, 626 N.Y.S.2d 245 (2nd Dep't 1995), where the defendant in fact chose not to attend jury selection for religious reasons. He was thus deprived of his Sixth Amendment right to attend jury selection by having to choose between his religious practice and attending trial.

Even if I were to review the Appellate Division's decision, petitioner could not prevail. Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254(d)(2), in reviewing a state court conviction, the federal habeas corpus court can only grant relief from a factual determination if it was "based on an unreasonable determination of the facts in light of the evidence presented in a State court proceeding." Moreover, "a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." Id. § 2254(e)(1). See Burt v. Titlow, 571 U.S. 12, 15 (2013). A determination of fact is not unreasonable merely because it is incorrect – the standard is "substantially higher." Schriro v. Landrigan, 550 U.S. 465, 473 (2007). "[E]ven if '[r]easonable minds reviewing the record might disagree' about the finding in question, 'on habeas review that does not suffice to supersede the trial court's ... determination.'" Wood v. Allen, 558 U.S. 290, 301 (2010) (quoting Rice v. Collins, 546 U.S. 333, 341-42 (2006)). Rather, a petitioner must prove that the state court's finding was "objectively unreasonable." Miller-El v. Cockrell, 537 U.S. 322, 340 (2003). Objective unreasonableness means that the state court's factual determination "cannot reasonably be reconciled" with the record that was before the state court. Jones v. Murphy, 694 F.3d 225, 235 (2d Cir. 2012).

4

There is nothing objectively unreasonable about the trial court's finding, affirmed by the Appellate Division, that petitioner was engaging in dilatory conduct rather than the bona fide assertion of a religious interest. The trial court, which was well-familiar with the case and with petitioner, knew that petitioner had attended prior court hearings on Fridays without comment. He had previously sought to delay the trial to obtain new counsel. His purported conversion to Islam was of recent vintage, and even when the trial court offered to make some accommodation for daily prayers, there is nothing in the record indicating that petitioner took advantage of the offer. Thus, the Appellate Division found no basis to second-guess the trial court's factual finding despite its plenary jurisdiction to review factual determinations. See Cohen v. Hallmark Cards, Inc., 45 N.Y.2d 493, 498, 410 N.Y.S.2d 282, 285 (1978). There is even less reason for this Court to invalidate the trial court's factual finding under the restrictive standard of review in AEDPA.

## II. Confrontation Clause Issue

At trial, a forensic biologist testified as an expert witness to the match between petitioner's DNA and that found at the crime scene. Defense counsel objected to the admission of the records underlying the testing on the grounds that they did not satisfy the business records exception to the rule against hearsay. On appeal, petitioner contended for the first time that the trial court had deprived him of his rights under the Confrontation Clause because some of the records had been prepared by technicians reporting to the expert witness but not by the expert witness herself. The Appellate Division rejected the claim as procedurally barred or, in the alternative, without merit. Webb, 163 A.D.3d at 881, 81 N.Y.S.3d at 167.

The Appellate Division's holding that the argument was unpreserved creates a procedural bar to reviewing the merits of the claim on federal habeas corpus. A federal court

should not address the merits of a petitioner's habeas claim if a state court has rejected the claim on "a state law ground that is independent of the federal question and adequate to support the judgment." Lee v. Kemna, 534 U.S. 362, 375 (2002) (quoting Coleman v. Thompson, 501 U.S. 722, 729 (1991)) (emphasis omitted). When a state court rejects a petitioner's claim because he failed to comply with a state procedural rule, the procedural bar may constitute an adequate and independent ground for the state court's decision. See, e.g., Coleman, 501 U.S. at 729-30; Murden v. Artuz, 497 F.3d 178, 191-92 (2d Cir. 2007). State procedural grounds are only adequate to support the judgment and foreclose federal review if they are "firmly established and regularly followed" in the state. Lee, 534 U.S. at 376 (quoting James v. Kentucky, 466 U.S. 341, 348 (1984)). Moreover, if a state court rejects a specific claim on an adequate and independent state law ground, then a federal court should not review the merits of the claim, even if the state court addressed the merits of the claim in the alternative. See Harris v. Reed, 489 U.S. 255, 264 n.10 (1989) (noting that state courts "need not fear reaching the merits of a federal claim in an *alternative* holding" because "[b]y its very definition, the adequate and independent state ground doctrine requires the federal court to honor a state holding that is a sufficient basis for the state court's judgment, even when the state court also relies on federal law").

Here, the Appellate Division's holding that a hearsay objection does not preserve a Confrontation Clause objection applies a rule that is as well-settled and regularly followed as any procedural rule in New York criminal practice. See e.g. Davis v. Lee, No. 13 cv 3827, 2015 WL 1379024, at *4-5 (S.D.N.Y. March 25, 2015) ("[I]t is well-settled law in New York that the invocation of a hearsay objection is insufficient to preserve a Confrontation Clause violation.'") (quoting Bryant v. Lempke, No. 08 cv 6103, 2010 WL 3063073, at *15 (W.D.N.Y. Aug. 2, 2010)). Petitioner's claim is therefore procedurally barred.

However, a procedurally barred claim can be reviewed in this Court if the petitioner can demonstrate cause for the default and prejudice resulting therefrom, or if he can demonstrate that the failure to consider the claim will result in a miscarriage of justice. See Coleman, 501 U.S. at 750; Harris, 489 U.S. at 262. The latter avenue, a miscarriage of justice, is demonstrated in extraordinary cases, such as where a constitutional violation results in the conviction of an individual who is actually innocent. See Murray v. Carrier, 477 U.S. 478, 496 (1986). The first avenue, cause for the default and prejudice therefrom, can be demonstrated with "a showing that the factual or legal basis for a claim was not reasonably available to counsel, . . . that 'some interference by state officials' made compliance impracticable, . . . [or that] the procedural default is the result of ineffective assistance of counsel." Bossett v. Walker, 41 F.3d 825, 829 (2d Cir. 1994) (citing Murray, 477 U.S. at 488) (alteration in original). Although, in some circumstances, ineffective assistance of counsel can constitute "cause" sufficient to avoid a procedural default, Murray, 477 U.S. at 488-89, the ineffective assistance claim must itself have been exhausted in the state court, Edwards v. Carpenter, 529 U.S. 446, 451-52 (2000).

There is no cause or prejudice on this record, nor could there be. Petitioner never raised a claim for ineffective assistance of trial counsel for failing to preserve a Confrontation Clause objection, and even if petitioner had done so, the Appellate Division's alternative holding on the merits shows that such an objection would have failed. Because there is no exhausted claim of ineffective assistance, it cannot constitute cause for excusing the procedural bar.

Nor is there any manifest injustice resulting from this procedural bar. The particular evidence to which the expert testified was done under her supervision, she personally confirmed the results through her own testing, and there was extensive independent evidence establishing petitioner's guilt. Petitioner's claim is therefore procedurally barred.

7

## III. Sentencing Claim

Because petitioner was a second violent felony offender, he faced a minimum of 10 years and a maximum of 25 years custody at sentencing. Petitioner had seventeen prior arrests going back to 1992, and repeatedly threatened to kill the deli owners during the robbery. The trial court sentenced petitioner to 24 years' custody. On appeal, petitioner contended that the sentence was excessive. The Appellate Division reduced his sentence to 18 years as a matter of discretion.

In his habeas corpus petition, petitioner contends that 18 years is still excessive. This issue is not cognizable on federal habeas corpus review. When a sentence imposed by a state court is within the range allowed by a state statute, federal courts have no authority to reduce or vacate the sentence unless the statute itself is unconstitutional as applied to a class of defendants. Compare White v. Keane, 969 F.2d 1381 (2d Cir. 1992) with Miller v. Alabama, 567 U.S. 460 (2012).

## CONCLUSION

The petition is denied and the case is dismissed. The Clerk is directed to enter judgment against petitioner. A certificate of appealability shall not issue as the petition raises no substantial constitutional issue. See 28 U.S.C. § 2253(c). Further, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and

therefore *in forma pauperis* status is denied for the purpose of an appeal. See <u>Coppedge v. United States</u>, 369 U.S. 438, 444-45 (1962)

**SO ORDERED.**

                                                                                                                 _____
                                                                                                                                    U.S.D.J.

Dated: Brooklyn, New York
       September 29, 2019